# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00887-CV

**Keaire Alvin Webb, Appellant**

**v.**

**Jeneffer Marie Ramirez and Office of the Attorney General, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
### NO. 25-0828-CC1, THE HONORABLE BRANDY HALLFORD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Keaire Alvin Webb appeals from the denial of his petition for bill of review challenging a 2023 order finding that he was the father of Child, appointing Jeneffer Marie Ramirez sole managing conservator and Webb possessory conservator of Child, and ordering Webb to pay monthly child support and medical support. Because Webb has not established that the trial court abused its discretion in denying the equitable bill of review, we affirm.

## BACKGROUND

In December 2022, the Office of the Attorney General (OAG) filed a petition in cause number 22-3488-FC1 to establish the parent-child relationship between Webb and Child. The clerk's record contains a constable's return of service showing that Webb was served with the petition on December 28 at the same address Webb listed on his filings in the trial court.

*See* Tex. R. Civ. P. 21a(e). The petition asked the court to order parental testing, to appoint appropriate conservators, and to order current and retroactive support for Child. In February 2023, the trial court held a hearing. Webb does not dispute that he attended this hearing. As a result of the hearing, the trial court signed an order directing Webb to submit to paternity testing. The same order provided notice, under the heading "ORDER SETTING HEARING," that a hearing would be held at 1:00 p.m. on April 21, 2023, "for final hearing on the merits of the parentage action or temporary orders, if appropriate." The order concluded, "The parties acknowledge they are entering a general appearance in this cause by their signatures on this order," after which the order contained signature lines for the judge and the parties. Webb's signature appeared under the heading "APPROVED."

Webb did not attend the April 21, 2023 hearing, and the trial court entered a default order in which it (1) found he was the father of Child, (2) appointed Jeneffer Marie Ramirez sole managing conservator and appointed Webb possessory conservator of Child, and (3) ordered Webb to pay monthly child support and medical support. In September 2023, Webb filed a restricted appeal challenging the April 2023 order. The cause was transferred from this Court to the Amarillo Court of Appeals, which affirmed the trial court's order after "find[ing] no properly briefed error apparent on the face of the record." *In re A.A.R.*, No. 07-23-00394-CV, 2024 WL 1472799, at *1, *3 (Tex. App.—Amarillo Apr. 4, 2024, no pet.) (mem. op.). After that opinion issued, Webb submitted numerous filings in the original trial court cause number, 22-3488-FC1. Following a hearing on July 9, 2025, the trial court denied all of Webb's requested relief in that cause.

On May 22, 2025, Webb filed his petition for bill of review, which was filed under a new cause number, 25-0828-CC1, because a bill of review is an independent suit. *See*

2

*Tate v. 8301 Maryland, LLC*, No. 03-05-00376-CV, 2006 WL 2452714, at *2 (Tex. App—Austin Aug. 25, 2006, pet. denied) (mem. op.). In July 2025, Webb also filed a motion for summary judgment in the bill of review cause number, 25-0828-CC1; the arguments therein repeat the arguments in his petition for bill of review, and he attached no evidence to the motion. On August 27, 2025, the trial court held a hearing at which Webb and the OAG presented legal arguments. Neither side offered any evidence at the hearing, but the court took judicial notice of its file containing the return of service and the February 2023 order from the hearing Webb attended. The same day, the trial court signed an order in which it denied the petition for bill of review and motion for summary judgment and dismissed Webb's bill-of-review proceeding. Webb filed this appeal.

## STANDARD OF REVIEW

"A bill of review is brought as a direct attack on a judgment that is no longer appealable or subject to a motion for new trial." *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015). "To obtain an equitable bill of review, a petitioner must generally plead and prove (1) a meritorious claim or defense to the judgment, (2) which the petitioner was prevented from making by official mistake or by the opposing party's fraud, accident, or wrongful act, (3) unmixed with any fault or negligence on the petitioner's own part." *Id.* But "when a bill-of-review plaintiff claims a due process violation for no service [of process] or notice [of a default judgment], it is relieved of proving the first two elements" and must only prove that its own fault or negligence did not contribute to cause the lack of service or notice. *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 164 (Tex. 2015) (per curiam).

"We review the trial court's ruling on a bill of review for an abuse of discretion," indulging "every presumption in favor of that ruling." *Interaction, Inc. v. State*, 17 S.W.3d 775, 778 (Tex. App.—Austin 2000, pet. denied). "A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles." *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

## ANALYSIS

In what he styles as five issues, Webb challenges the August 2025 order, asserting that (1) the trial court lacked jurisdiction such that the underlying orders are void; (2) the trial court abused its discretion by treating the petition for bill of review as a separate proceeding; (3) Webb was denied due process by the trial court and clerk because they "misfiled" documents, "cross-filed" documents in the two related cause numbers, denied him hearings on many of his post-trial motions, and "permitted ongoing confusion" about the status of the child-support case (cause number 22-3488-FC1); (4) the income withholding order was invalid, "any signature obtained was coerced, forged, or obtained without full disclosure," and the OAG's enforcement of the order is "fraudulent"; and (5) the trial court's actions violated several of Webb's federal constitutional rights, including his right to due process, right to a jury trial, "broader supremacy and Article III concerns," and "separation-of-powers principles."[1]

We begin by addressing whether Webb satisfied the requirements to proceed with a bill of review. Because it is dispositive, we first consider the third element—whether the rendition of the default judgment was unmixed with any fault or negligence on Webb's own part.

---

[1] Webb also sought mandamus relief in this Court, asserting many of the same arguments he raises in this appeal. *See In re Webb*, No. 03-26-00025-CV, 2026 WL 179394, at *1 (Tex. App.—Austin Jan. 23, 2026, orig. proceeding) (mem. op.) (denying mandamus relief).

Even when a movant is not subject to the trial court's jurisdiction due to lack of proper service of process, "negation of negligence is a burden to be discharged by the bill-of-review movant." *Northcutt v. Jarrett*, 585 S.W.2d 874, 877 (Tex. App.—Amarillo 1979, writ ref'd n.r.e. by 592 S.W.2d 930 (Tex. 1979) (per curiam) (concluding that "plaintiff in a bill of review action must prove his/her lack of fault or negligence in permitting a meritorious defense to go unasserted in a prior action" and stating "writ of error in this case is refused, no reversible error")). Unlike parties to a restricted appeal, parties to a bill of review proceeding "may introduce affidavits, depositions, testimony, and exhibits to explain what happened." *Fidelity & Guar. Ins. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573–74 (Tex. 2006) (per curiam) (discussing the difference between restricted appeal, which is brought directly in appellate court where record is limited, and bill of review, which is filed in trial court where record can be developed). Neither party offered any evidence at the bill of review hearing, though the trial court took judicial notice of its file, including the February 2023 order containing notice of the final hearing date and Webb's signature. Although Webb argues that "any signature obtained was coerced, forged, or obtained without full disclosure," he did not expand on this argument as it relates to the February 2023 order nor does any evidence in the record support it. The trial court could have determined that, in light of the February 2023 order and in the absence of contravening evidence, Webb did not negate his negligence regarding any lack of notice of the dispositive trial setting. We therefore cannot conclude that the trial court abused its discretion by denying Webb's petition for bill of review and dismissing the case. Because our resolution of this issue is dispositive of the appeal, we do not reach Webb's remaining issues. *See* Tex. R. App. P. 47.1.

**CONCLUSION**

We affirm the trial court's August 27, 2025 order.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Affirmed

Filed:   July 10, 2026